# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHELE PECK, as Special Administrator of the Estate of Adam Peck, deceased, </br></br>Plaintiff,</br></br>v.</br></br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,</br></br>Defendant. | )</br>)</br>)</br>)</br>)  Civil Action No. 24-1274</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

## Notice of Removal

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, State Farm Mutual Automobile Insurance Company ("State Farm") files this Notice of Removal, removing this action from the Circuit Court of the 11th Judicial Circuit, County of McLean, State of Illinois, case number 2023-LA-00047, to the United States District Court for the Central District of Illinois. This removal is proper pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

## Introduction

1.  On July 12, 2024, Plaintiff filed her Amended Complaint alleging State Farm wrongfully denies claims for medical payments coverage under its automobile policies. (**Exhibit A** (Amended Complaint) at p. 1.)[1]

2.  The Amended Complaint contains a "Class Action" count where Plaintiff asserts her action "satisfies all the prerequisites for certification under 735 ILCS 5/2-801" and seeks to represent the following class:

---

[1] State Farm has redacted the Exhibits to its Notice of Removal in conformity with Rule 5.11 of the Local Rules for the U.S. District Court for the Central District of Illinois.

>All persons who: (a) were insured for medical payments under an automobile policy purchased from State Farm, and (b) sustained bodily injury and medical/funeral expenses caused by a motorized vehicle, and (c) had their medical payments claim denied by State Farm.

(**Exhibit A** at p. 9.)

3.  According to Plaintiff's "Class Action" count, Plaintiff and the putative class seek "a declaratory judgment under Illinois law that defendant's actions constitute unjust enrichment," the "establishment of a constructive trust of all monies realized by State Farm from the denial of medical payments claims of plaintiff and the putative class," "judgment against State Farm for breach of an implied covenant of good faith and fair dealing," "judgment against State Farm for breach of contract," and "judgment against State Farm for violation of Illinois' Insurance Code and similar statutes enacted in other States." (**Exhibit A** at p. 6.)

4.  Plaintiff's Amended Complaint is the first pleading seeking class action relief.

5.  The Circuit Court granted Plaintiff leave to file her Amended Complaint on July 8, 2024. (**Exhibit B** (July 8, 2024, Order)).

## Grounds for Removal

### I.  This Court Has Jurisdiction Over This Case Pursuant To 28 U.S.C. § 1332(d)

6.  Under 28 U.S.C. § 1332(d), United States district courts have original jurisdiction over any class action where the primary defendants are not State governmental entities, the class consists of at least 100 putative class members, at least one class member is diverse from at least one defendant, and the amount of controversy exceeds the sum or value of $5,000,000 in the aggregate, exclusive of interests and costs.

7.  Plaintiff's Amended Complaint meets the requirements of §1332(d) and, thus, is properly removable under the statute.

### A. The Amended Complaint Is A "Class Action" Within The Meaning of 28 U.S.C. § 1332(d).

8. A civil action is a "class action" within the meaning of 28 U.S.C. § 1332(d) when "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class." 28 U.S.C. §1332(d)(1)(B).

9. The Amended Complaint qualifies as a "class action" because Plaintiff filed it pursuant to 735 ILCS 5/2-801 (the Illinois state analog to Rule 23) seeking to represent herself and the class identified above. (**Exhibit A** at pp. 5, 9.)

### B. State Farm Is Not A State Governmental Entity.

10. State Farm is not a State, State official, or other governmental entity. It is a mutual insurance company incorporated under the laws of the State of Illinois.

### C. The Putative Class Consists Of At Least 100 Members

11. Plaintiff's putative class consists of at least 100 members.

12. First, State Farm may rely on the Amended Complaint's allegations regarding the size of the putative class to support removal under 28 U.S.C. § 1332(d). *See Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581-82 (2017).

13. The Amended Complaint asserts State Farm has denied "hundreds, if not thousands" of medical payments claims – rendering joinder of all putative class members into a single action "impracticable." (**Exhibit A** at p. 9.)

14. "Hundreds, if not thousands," by definition, suggests at least 200 or more putative class members.

15. Second, as defined by the Amended Complaint,[2] Plaintiff's putative class would include all persons who had medical payments coverage under their State Farm auto policy, sustained a bodily injury or medical/funeral expenses caused by any motorized vehicle, and had their medical payments claim denied for any reason. (**Exhibit A** at p. 9.)

**D. Minimal Diversity Exists For Removal Under 28 U.S.C. § 1332(d).**

16. Diversity exists between State Farm and at least one putative class member.

17. State Farm is an Illinois citizen. It is a mutual insurance company incorporated in the State of Illinois with its principal place of business in Bloomington, Illinois.

18. Plaintiff's putative class is not limited to Illinois citizens but includes any policyholder who meets Plaintiff's putative class definition, no matter their state of citizenship. (**Exhibit A** at p. 9.)

19. On behalf of the putative class, Plaintiff is also seeking relief pursuant to insurance statutes of states other than Illinois. (**Exhibit A** at p. 6.)

20. State Farm sells automobile policies with medical payments coverage in numerous states throughout the country.

21. Based on information and belief, State Farm has "denied" at least one medical payments claim (for whatever reason) made by a policyholder who sustained a bodily injury or medical/funeral expenses caused by any motorized vehicle where the policyholder was a citizen of a State other than Illinois.

---

[2] By referencing or describing the Amended Complaint's class definition, State Farm is not admitting (and expressly denies) that Plaintiff even properly plead a class action complaint, that a court could ever properly certify the class as defined by the Amended Complaint, or that Plaintiff could serve as an adequate representative of such a defined class.

**E. The Amount In Controversy Exceeds The Sum Or Value of $5,000,000 In The Aggregate.**

22. Although State Farm denies the merits of Plaintiff's Amended Complaint, the amount in controversy exceeds the sum or value of $5,000,000 in the aggregate.

23. The allegations of the Amended Complaint alone suggest the amount in controversy exceeds the sum or value of $5,000,000 in the aggregate. *See Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854-856 (7th Cir., 2022) (defendant can rely on complaint's allegations to establish the required amount in controversy under 28 U.S.C. §1332(d)); *Roppo,* 869 F.3d at 580 (a court's "evaluation of the amount in controversy begins with the allegations of the complaint that was removed to federal court").

24. In her Amended Complaint, Plaintiff individually seeks damages of more than $50,000, exclusive of her request for costs and attorneys' fees. (**Exhibit A** at pp. 3, 5.)

25. Plaintiff has alleged the putative class includes "hundreds, if not thousands, of similar claims." (**Exhibit A** at p. 9.)

26. "Hundreds, if not thousands," necessarily constitutes 200 or more alleged class members.

27. Although State Farm denies the merits of Plaintiff's claims, her entitlement to class certification, or even that she has stated a valid claim, according to Plaintiff's own allegations, the amount in controversy alleged by the Amended Complaint would exceed $5,000,000.

28. Additionally, information available to State Farm indicates the amount in controversy of Plaintiff's purported class action theory and class definition exceeds $5,000,000.

29. For instance, as part of her claim, Plaintiff seeks to establish a "constructive trust" consisting of the amount of the medical payments claims State Farm has allegedly "denied" to the putative class members.

30. Although State Farm cannot determine the amount of "denied" medical payments claims without a manual review of hundreds of thousands of claims files, it can determine the number of medical payments claims "closed without pay" over a specified period of time. For these claims, it can also determine the limit of liability associated with the corresponding policy's medical payments coverage.

31. While claims "closed without pay" includes claims closed for reasons other than denial of the claim, it would capture policyholders who had medical payments coverage under a State Farm automobile policy where State Farm "denied" a medical payments claim for some reason after the policyholder sustained a bodily injury or medical/funeral expenses caused by any motorized vehicle.

32. Looking just at medical payment claims with a date of loss from September 26, 2021, to September 26, 2022 (Plaintiff's date of loss), as of May 28, 2024, State Farm had closed approximately 125,000 of the claims "without pay."

33. On average, the limits of liability for medical payments coverage for the automobile policies associated with these claims was approximately $8,000.

34. Even if only a small fraction of these claims actually fall within Plaintiff's class definition, the amount potentially in controversy would exceed $5,000,000.

35. This calculation does not even include the totality of the class Plaintiff apparently seeks to represent[3] nor does it take into account the value of Plaintiff's request for a judgment against State Farm for each class member for an alleged "violation of Illinois' Insurance Code and similar statutes enacted in other States."

---

[3] The Amended Complaint identifies no timeframe for the class Plaintiff seeks to represent. (**Exhibit A.**)

## II.     State Farm Has Satisfied The Other Requirements For Removal.

36.    <u>Timeliness</u>: State Farm's Notice of Removal is timely. State Farm filed this Notice of Removal within 30 days of its receipt of the Court's July 8th Order granting Plaintiff leave to file her Amended Complaint and receipt of Plaintiff's July 12th Amended Complaint. *See* 28 U.S.C. § 1446(b). Additionally, the 1-year limitation of 28 U.S.C. §1446(c)(1) does not apply to the removal of class actions. 28 U.S.C. § 1453(b).

37.    <u>Notice to Plaintiff and State Court</u>: Promptly after the filing of this notice of removal, State Farm is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of the 11th Judicial District, County of McLean, Illinois, and serving a copy of the same on Plaintiff. 28 U.S.C. § 1446(b).

38.    <u>Other Process, Pleadings, and Orders</u>: State Farm has attached all pleadings, process, and orders served upon it during Plaintiff's state court action as **Exhibit C** to this Notice. 28 U.S.C. §1446(a).

39.    <u>Venue</u>: Plaintiff filed the Amended Complaint in the Circuit Court of McLean County, Illinois. As such, State Farm properly removed this action to this Court, which includes McLean County within its purview. 28 U.S.C. §§ 1441(a), 1446(a).

40.    State Farm disputes the merits of Plaintiff's claims. No admission of fact, legal conclusion, allegation, claim, or wrongdoing is intended by this Notice of Removal. State Farm expressly reserves all defenses and motions otherwise available to it, including the right to seek dismissal of Plaintiff's Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

41. State Farm expressly reserves the right to submit additional evidence in support of this Notice of Removal, including as may be necessary to address and refute any contentions set forth in a motion to remand.

 

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant,

BY: /s/ Patrick D. Cloud
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Patrick D. Cloud, #6282672

105 West Vandalia, Suite 100
Edwardsville, IL 62025
Telephone  618.656.4646
Facsimile  309.420.0402
PRIMARY E-MAIL: edwecf@heylroyster.com
SECONDARY E-MAIL #1: pcloud@heylroyster.com
SECONDARY E-MAIL #2: dseymoure@heylroyster.com
SECONDARY E-MAIL #3: abarron@heylroyster.com

## **PROOF OF SERVICE**

The undersigned hereby certifies that on this 7th day of August, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. I further certify that counsel for Plaintiff was served with copies of this Notice of Removal via e-mail to the following:

Mr. James P. Ginzkey
GINZKEY LAW OFFICE
221 E. Washington Street
Bloomington, IL 61701
service@ginzkeylaw.com
jim@ginzkeylaw.com
**Attorney for Plaintiff**


         /s/ Patrick D. Cloud_____

105 West Vandalia, Suite 100
Edwardsville, IL 62025
Telephone  618.656.4646
Facsimile  309.420.0402
PRIMARY E-MAIL:  edwecf@heylroyster.com
SECONDARY E-MAIL #1: pcloud@heylroyster.com
SECONDARY E-MAIL #2: dseymoure@heylroyster.com
SECONDARY E-MAIL #3: abarron@heylroyster.com